**SUNBEAM CORPORATION**, Plaintiff,

v.

**GOLDEN RULE APPLIANCE CO., Inc.,**
**Defendant.**

United States District Court
S. D. New York.
July 17, 1958.

See also 164 F.Supp. 291.

Rogers, Hoge & Hills, New York City, for plaintiff, George M. Chapman, Alfred P. O'Hara, John A. Keeffe, New York City, of counsel.

Raphael, Searles, Levin & Vischi, New York City, for defendant.

SUGARMAN, District Judge.

Plaintiff Sunbeam Corporation sued defendant Golden Rule Appliance Co. Inc. for an injunction and damages for defendant's unfair competition in making sales of plaintiff's products below prices fixed in plaintiff's "fair trade" contracts with persons other than defendant. N.Y. General Business Law, McKinney's Consol.Laws, c. 20, § 369–a et seq.

A permanent injunction was entered on defendant's consent. Defendant thereafter on plaintiff's petition was found to be in civil contempt for violating the consent decree. Judge Walsh, in so finding, imposed a $1,000 fine on defendant, assessed costs against defendant in the amount of $2,500, including counsel fees, and he ordered that defendant pay plaintiff $2,500 for each future violation of the decree.

On defendant's appeal, the Court of Appeals reversed as to the $1,000 fine and otherwise affirmed Judge Walsh's judgment.

■ Plaintiff now moves "for an order pursuant to Rule 12 of the Civil Rules of the Southern District awarding counsel fees and expenses" of the appeal.

Local Civil Rule 12 is inapplicable to this motion. That rule clearly restricts itself to the fixing of a counsel fee in the course of the contempt proceeding.

■ Assuming, however, that, as a matter of discretion and apart from the local rule, the court might include a counsel fee to a successful prosecutor of a contempt proceeding for services in an appellate court,[1] it appears that Judge Walsh has already done so in this case. The Court of Appeals so construed his judgment:

> "The judgment below has three main provisions: * * *(2) Golden Rules is to pay Sunbeam $2,500 as reimbursement for all costs of this litigation including counsel fees; * * *"[2]

■ Further, because defendant was partially successful on the appeal, the court feels that plaintiff should in any event bear those costs itself.

The motion is denied. It is so ordered.

[1] But see 17 C.J.S. Contempt §§ 96, 127; Krentler-Arnold Hinge Last Co. v. Leman, 1 Cir., 1931, 50 F.2d 699, reversed in part 284 U.S. 448, 52 S.Ct. 238, 76 L. Ed. 389; Norstrom v. Wahl, 7 Cir., 1930, 41 F.2d 910, 914.

[2] Sunbeam Corporation v. Golden Rule Appliance Co., 2 Cir., 252 F.2d 467, 468.